

# NUMBER 13-17-00525-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ARTURO LUNA JR.,                                            **Appellant,**

**v.**

THE STATE OF TEXAS,                                     **Appellee.**

### On appeal from the 398th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Hinojosa
### Memorandum Opinion by Justice Benavides

The State charged appellant Arturo Luna Jr. with one count of aggravated sexual assault of K.G.P.,[1] a child under the age of six, a special first-degree felony, and two counts of injury to a child, K.G.P. and L.M.P., causing serious bodily injury, a first-degree

---

[1] We use K.G.P. and L.M.P. as an alias to protect the minor's identity. *See* TEX. R. APP. P. 9.8 cmt. ("The rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases.").

felony. *See* TEX. PENAL CODE ANN. §§ 22.021(a)(2)(B), 22.04(e) (West, Westlaw through 2017 1st C.S.).

At a trial on the merits, the State put on multiple witnesses against Luna, including the mother of the children, the children's maternal grandparents, the doctor who treated both children at the hospital, as well as the investigators that took two statements from Luna where he admitted to hitting and punching the children. The jury found Luna guilty of all three counts and the trial court sentenced him to twenty-five years' imprisonment on count one, the aggravated sexual assault, and ten years' imprisonment on counts two and three, the injury to a child, in the Texas Department of Criminal Justice–Institutional Division. Luna's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, Luna's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991)

(en banc).

In compliance with *High v. State* and *Kelly v. State*, Luna's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014). Luna's appellate counsel also notified this Court that he: (1) notified Luna that he has filed an *Anders* brief and a motion to withdraw; (2) provided Luna with copies of both pleadings; (3) informed Luna of his rights to file a pro se response,[2] review the record preparatory to filing that response, and seek discretionary review if we conclude that the appeal is frivolous; (4) provided Luna with a copy of the appellate record; and (5) informed Luna that the pro se response, if any, should identify for the Court those issues which he believes the Court should consider in deciding whether the case presents any meritorious issues. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Luna did not file a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief is filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *See In re Schulman*, 252 S.W.3d 403, 407 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

3

issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, Luna's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffrey v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Luna and advise him of his right to file

4

a petition for discretionary review.[3]   *See* TEX. R. APP. P. 48.4; *see also In re Schulman*,

252 S.W.3d at 412 n.35; *Ex Parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV.   CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of February, 2019.

---

[3] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.   Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* R. 68.3, and should comply with the requirements of the Texas Rule of Appellate Procedure 68.4.   *See id.* R. 68.4.